IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GREGORY CONLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| GOOD SHEPHERD HOSPITAL | § | |
| | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Gregory Conley, files this Complaint against Defendant, Good Shepherd Hospital alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADAAA"). For causes of action, Plaintiff would show the Court as follows:

### I.
### PARTIES

1.  Plaintiff is a Texas Resident who was employed by the defendant at a facility within the Eastern District Of Texas.

2.  Defendant Good Shepherd Hospital is an entity which can be served with process through its registered agent, Steve Altmiller, 700 E. Marshall Ave., Longview, TX 75601.

### II.
### JURISDICTION

3.  The Court has subject matter jurisdiction because this action arises under Title I of the Americans with Disabilities Act as amended.

4.  Defendant Good Shepherds Hospital is an employer within the meaning of the above

---

PLAINTIFF'S ORIGINAL COMPLAINT - Page 1

statutes because it employs fifteen or more employees for each working day in each of twenty or more calendar weeks.

5. Mr. Conley has completed all conditions precedent to filing this suit. Within 300 days of the acts of which he complains Plaintiff filed two charges with the Equal Employment Opportunity Commission, charges numbered 450-2016-03520 and 450-2016-04514 in which he alleged disability discrimination, refusal to accommodate, and retaliation for having filed the prior charge. He received right to sue letters from the EEOC fewer than ninety days before filing this suit.

### III.
### VENUE

6. Venue is proper in the Eastern District of Texas, under 28 U.S.C. §1391 because Mr. Conley's claims arose within the Eastern District Of Texas and because defendant does business and maintains relevant documents within said district.

### IV.
### FACTS

7. Mr. Conley first began to work for defendant on or about February 2010. He was employed as a Certified Registered Nurse Anaesthetist earning approximately $200,000.00 per year. He at al times performed his duties in an exemplary manner.

8. On or about March 1, 2016 Mr. Conley received a diagnosis of multiple sclerosis. After initial treatment he returned to work on May 11, 2016 and requested as a temporary accommodation that his hours of work be limited to three days per week. Defendant granted the accommodation and Plaintiff worked for two and one half days before becoming fatigued and being forced to leave work with the permission of his supervising anesthesiologist. Thereafter, on or about 6-3-16 Plaintiff sought to return to work and presented a certification from his treating physician Dr. Richard Hamer, releasing him to return to work limited to Mondays, Wednesdays and Fridays,

the same accommodations previously made by defendant. Without meaningfully engaging in the interactive process defendant refused to permit Plaintiff to return to work, a refusal that has persisted to this date.

9. On or about June 29, 2016 Plaintiff presented a request for accommodations form, signed by his physician, indicating the need for a modified work schedule until August 2, 2016 at which time he was released to return to work without restriction. Without making any effort to accommodate Plaintiff, and without engaging in the interactive process, defendant responded to Plaintiff's request for accommodation by terminating his employment by letter dated July 1, 2016.

10. On July 15, 2016 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging that the defendant had discriminated against him because of his disability, and had failed to reasonable accommodate him by permitting him to work a modified schedule for a temporary period ot time.

11. Since being terminated defendant had and advertised openings for Certified Registered Nurse Anaesthetist for which Plaintiff was well qualified and for which Plaintiff applied. Even though the advertised position was they very position Plaintiff had been performing in a fully satisfactory way, defendant has refused to put him to work. On or about October 12, 2016 defendant tendered what Plaintiff believed at the time to be a bona fide offer of employment, which Plaintiff promptly accepted. Since that date there have been no further communications from defendant to Plaintiff and Plaintiff remains without work from the defendant. Plaintiff alleges that notwithstanding his excellent credentials, and defendant bogus offer of employment, he has been denied rehire because of his disability and in retaliation for having filed his initial charge of discrimination.

## V.
## FIRST CAUSE OF ACTION

12. Defendant violated the Americans with Disabilities Act by refusing to reasonable accommodate his need for a temporarily modified work schedule.

13. Defendant violated by the Americans with Disabilities Act by by discharging Plaintiff on July 1, 2016.

14. Plaintiff was at all relevant times qualified to perform the essential functions of his job, initially with reasonable accommodations, and subsequently without accommodation. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

15. Plaintiff was terminated as a direct result of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

16. Defendant wholly failed to enter into the interactive process with Plaintiff, firing him instead.

17. Defendant has refused to rehire Plaintiff to a position for which he is fully qualified and which he is able to perform without accommodation in retaliation for having filed a charge of discrimination with the EEOC.

## VI.
## DAMAGES

18. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct,

including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of earning capacity, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## VII.
## COMPENSATORY DAMAGES

19. Defendant intentionally engaged in an unlawful employment practice by refusing to accommodate and terminating Plaintiff and by refusing to hire him because he had filed a charge of discrimination with the EEOC. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.
## PUNITIVE DAMAGES

20. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## IX.
## ATTORNEYS' FEES AND EXPERT FEES

21. Plaintiff seeks reasonable attorneys fees for his counsel, Thorpe Hatcher & Washington as well as cost of court and expert witness fees.

## PRAYER

22. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully Submitted,

THORPE, HATCHER & WASHINGTON, PLLC
2214 Main Street
Dallas, Texas 75201
214/969-5500
214/969-9060 FAX
thwlaw@airmail.net

By: /s/Steven B. Thorpe
    Steven B. Thorpe
    State Bar No. 19990500
    Carla S. Hatcher
    State Bar No. 09219500

**ATTORNEYS FOR PLAINTIFF**